UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY C. MARSHALL,

    Petitioner,

v.                                        Case No. 5:25cv175-TKW-HTC

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Anthony C. Marshall, proceeding *pro se*, filed an amended petition under 28 U.S.C. § 2254, challenging a judgment and sentence rendered in Bay County Circuit Court Case Number 2016-CF-1957, on four sexual offenses against his then-girlfriend's minor daughter. Doc. 6. The Secretary filed a "Limited Response to Petition / Motion to Dismiss" arguing the petition is untimely. *See* Doc. 10. Although Marshall filed a reply in opposition, he does not dispute that the petition is untimely; instead, he argues he is entitled to equitable tolling. *See* Doc. 12. Upon consideration, the undersigned finds the Secretary's Motion to Dismiss should be GRANTED.

    **I.    The Petition is Untimely**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas petition must be filed within one year of certain trigger dates. 28

U.S.C. § 2244(d)(1). For purposes of this report, the relevant trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. *Id.* § 2244(d)(2). For the reasons discussed below, Marshall had until November 4, 2024, to file a federal habeas petition for it to be timely under the AEDPA. Because he did not initiate this case until June 2025, the petition is untimely.

On May 8, 2018, a jury found Marshall guilty of four sexual offenses against his girlfriend's minor daughter, and the court sentenced him to four consecutive sentences: life imprisonment for sexual battery upon a child 12 years of age or older but under 18 years of age; life imprisonment with a mandatory 25 year minimum for lewd and lascivious molestation on a child under 12 years of age; and two 15-year sentences for lewd and lascivious molestation and lewd and lascivious battery. Doc. 10-1 at 257-71 & 570-72. Marshall appealed the conviction and judgment to the First District Court of Appeal ("First DCA"), which affirmed *per curiam* without a written opinion on September 22, 2020, and denied rehearing on October 27, 2020. *See* Case No.: 1D18-2006; *Marshall v. State*, 304 So. 3d 1218 (Table) (Fla. 1st DCA 2020). Due to COVID-19, Marshall's judgment became final for purposes of federal

habeas corpus proceedings 150 days (rather than 90 days) later, on March 26, 2021. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines* [COVID-19], 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

Marshall's one-year time limit ran for 178 days until he filed his first application for postconviction relief on September 21, 2021. Doc. 10-1 at 387. That motion tolled the one-year AEDPA time limit until April 29, 2024, when the First DCA issued a mandate affirming the lower court's denial of the motion. Doc. 10-1 at 811; Case No.: 1D2023-0713. Thus, absent additional tolling, Marshall had 187 days left on his one-year limit, or until November 4, 2024, to seek federal habeas relief.[1]

Although Marshall filed other post-conviction motions, a review of those motions shows that none filed from 2020 to 2025 tolled the one-year limit. First, Marshall's various motions seeking records, transcripts, or discovery,[2] *see* Doc. 10-

---

[1] Because the 187th day falls on a weekend, the period is extended to the following Monday.
[2] Marshall filed: (1) a *pro se* motion to supplement the record on December 2, 2020, requesting transcribed depositions (Doc. 10-1 at 358); (2) a *pro se* letter to the clerk of court on January 6, 2021 (*id.* at 365); (3) a *pro se* letter to the court requesting an order to release his records on January 6, 2021 (*id.* at 373); and (4) a *pro se* petition for production of records from the clerk of court on February 1, 2021 (*id.* at 380).

1 at 3-5, do not toll the federal limitation period because none included a request for review of his judgment or imparted authority to the state court to order relief from his judgment or sentence. *See e.g., Wall v. Kholi*, 562 U.S. 545, 556 n.4 (2011) (noting that a motion for post-conviction discovery or a motion for appointment of counsel "generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment."); *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004) ("The simple fact that Sibley mailed something to the court is surely insufficient to trigger § 2244(d)(2)'s tolling provision. … By definition, the defining factor of an application for review is that it seeks review" and "must attack collaterally the relevant conviction or sentence."); *Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008) (noting that a motion for DNA testing under Florida Rule of Criminal Procedure 3.853 did not qualify for statutory tolling because it "involve[d] an application for discovery only" and did not impart authority to the state courts to give Brown "relief from [his] sentence or conviction").

Second, Marshall filed a petition alleging ineffective assistance of appellate counsel ("IAAC") with the First DCA on June 5, 2024, but that petition did not toll the one-year deadline because the First DCA dismissed it as untimely. *See Jones v. Sec'y, Fla. Dep't of Corr.,* 906 F.3d 1339, 1342 (11th Cir. 2018) ("a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling

Case No. 5:25cv175-TKW-HTC

under Section 2244(d)(2) if the motion was untimely under state law") (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)); *see also Poole v. Sec'y, Dep't of Corr.*, 2023 WL 2743259, at *1 (M.D. Fla. Mar. 31, 2023) ("Poole filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d). The state court rejected the petition as untimely. Therefore, the petition was not 'properly filed' and did not toll the AEDPA limitation period.").

Thus, because the AEDPA deadline expired on November 4, 2024, and the petition was not filed until June 2025, the petition is untimely.

## II. Marshall Is Not Entitled to Equitable Tolling

In his Reply, Marshall does not appear to dispute the petition is untimely. Instead, he appears to argue that extraordinary circumstances exist that warrant equitable tolling. Those circumstances are twofold. First, Marshall believed that he had four (4) years to file the IAAC petition (rather than 2 years) because he was "misled about the appeal by counsel." Doc. 12 at 1. Second, Marshall takes issue with the length of time it took for the First DCA to conclude the IAAC petition was untimely.

The AEDPA one-year period may be equitably tolled "if a petitioner establishes both extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Equitable tolling applies only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because equitable tolling constitutes "'an extraordinary remedy,' it 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007)).

Furthermore, the "extraordinary circumstances" must be "both beyond [a petitioner's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). Courts focus "on the circumstances surrounding the late filing of the habeas petition and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing" his habeas petition. *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (internal quotation marks and citations omitted). "In proving an 'extraordinary circumstance,' a petitioner must 'show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.'" *Moore*

Case No. 5:25cv175-TKW-HTC

*v. Frazier*, 605 F. App'x 863, 866 (11th Cir. 2015) (per curiam) (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)). "The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine." *Id.* (citing *San Martin*, 633 F.3d at 1268).

Here, the undersigned does not find exceptional circumstances exist that warrant equitable tolling or that Marshall exhibited due diligence in protecting his habeas rights.

As an initial matter, Marshall misinterprets the Florida Rules of Appellate Procedure. Under Fla. R. App. P. 9.141(d)(5), a petitioner may file a petition within four, rather than two, years after a conviction and sentence become final if he "alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." Marshall does not allege counsel misled him about the results of the appeal; instead, Marshall argues counsel "led him to believe" at the outset of the appeal process that "nothing could be done" and simply filed an *Anders* brief "without letting Petitioner know his options." Doc. 12 at 1-2. This does not fit within the exception in Rule 9.141. *See Ware v. Page*, 2024 WL 5098236, at *3 (S.D. Ga. Oct. 18, 2024), *report and recommendation adopted,* 2024 WL 5090470 (S.D. Ga. Dec. 12, 2024) (declining to allow equitable tolling because "Petitioner makes no argument that appellate counsel misinformed [him] about collateral review rights, procedures, or deadlines, and instead focuses on

appellate counsel's alleged ineffectiveness during his direct appeal proceedings in state courts").

Moreover, Marshall's misinterpretation of the law does not justify equitable tolling. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); *Rojas v. United States*, 2011 WL 1467008, at *8 (S.D. Fla. Mar. 21, 2011), *report and recommendation adopted*, 2011 WL 1467226 (S.D. Fla. Apr. 18, 2011) ("[I]f the movant means to argue that he is entitled to equitable tolling because he is an unskilled layperson with a limited educational background who is unfamiliar with the law, this argument, however, does not excuse the movant from the applicable time limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period.") (citing *Felder v. Johnson,* 204 F.3d 168, 172–73 & n.10 (5th Cir. 2000) (ignorance of law and *pro se* status are insufficient to toll statute of limitations)).

Finally, Marshall also complains that the First DCA "waited 11 months and 5 days to dismiss the petition" and "had the state dismissed the petition in a timely manner, Petitioner would have had time to file his 2254 petition." Doc. 12 at 1. This argument also does not entitle Marshall to equitable tolling. Marshall does not demonstrate how this delay prevented him from timely filing a habeas petition. *See*

*Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006). Specifically, Marshall had 187 days during which he could have protected his federal habeas rights by filing a protective petition and seeking a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). *See, e.g., Gilbert v. Bobbitt*, 2024 WL 1333044, at *2 (N.D. Ga. Mar. 28, 2024) (declining to allow equitable tolling because "Gilbert could have filed his § 2254 petition at any time and, to the degree necessary to exhaust his claims, could have sought a stay under the procedure outlined in [*Rhines*], but did not do so.").

For the reasons stated above, Marshall has not shown he is entitled to equitable tolling. He fails to meet his burden of proving "that he has been pursuing his rights diligently, and … that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. This is not the "rare" circumstance warranting equitable tolling.

## III. Conclusion

Because the petition is untimely and equitable tolling is inapplicable, the petition should be dismissed with prejudice.

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether the petition is untimely does

not turn on any contested factual issue. Therefore, an evidentiary hearing is not warranted because it would not assist in determining whether Petitioner is entitled to relief.

Also, no certificate of appealability is appropriate in this case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b). After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

Case No. 5:25cv175-TKW-HTC

attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss (Doc. 10) be GRANTED and the Amended Petition (Doc. 6) be DISMISSED WITH PREJUDICE as untimely.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of January, 2026.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.